## INADEQUATE SETTLEMENT WITH CONTRACTOR FOR INJURIES NOT A BAR TO ACTION AGAINST THE CITY.

Common Pleas Court of Cuyahoga County.

FRANK SEMERARO v. CITY OF CLEVELAND.

Decided, January Term, 1918.

*Settlement—Not a Bar to Action Against Another, Guilty of Concurrent Negligence, When—City Liable for Further Damages for Injury on a Defective Walk—Where Insufficient Payment Has Been Made by `Negligent Contractor—Joint and Concurrent Torts Distinguished.*

1. An insufficient settlement by a negligent contractor for an injury suffered on a defective sidewalk can not be interposed as a bar to further recovery from the city on account of the same accident, and a court will not disturb a verdict assessing further damages against the city where it appears that the plaintiff will still be inadequately compensated for the injury sustained.
2. In the case of such an accident the city and the contractor are not joint tort feasors, and their concurrent acts of negligence, the one of commission and the other of omission, do not permit of their being joined either with or without the abutter in the same action.

*Jacob DeKaiser*, for plaintiff.
*J. T. Cassidy*, contra.

LEVINE, J.

Opinion on motion for new trial.

This is an action in which the plaintiff in his petition claims damages against the city for failure on its part to perform its statutory duty to keep its streets in repair and free from nuisance. He alleges that he was injured March 6, 1916, by reason of his foot catching in a defective and unsafe portion of the sidewalk on Ivanhoe road in said city whereby he was precipitated violently to the ground and seriously injured.

The city filed an amended answer in which it not only denied all negligence on its part, but set up, as a second defense, an alleged written contract of settlement with the Bailey Company whereby, in consideration of the sum of $600, the plaintiff consented to the settlement of an action in which he was plaintiff against the Bailey Company, pending in the common pleas court and containing identical allegations of negligence and injuries set forth in the petition in this case and covenanting to abstain from prosecuting said the Bailey Company in any court for the purpose of recovering damages from it for any injuries received by him March 6, 1916, on Ivanhoe road, Cleveland. The city further alleges that said sum of $600 was substantial, full, complete and adequate compensation for all injuries received by him and a bar to any claim against the city.

A copy of said alleged contract of settlement is attached to the amended answer and by reply thereto it is admitted that said paper writing was entered into by the plaintiff and the Bailey Company, but it is denied that the same or the $600 received as stated therein was in full settlement for plaintiff's said injuries, and it is claimed that it is a mere covenant not to sue the Bailey Company and not a bar to this action against the city.

The contract in question reads as follows:

### "Covenant Not to Sue.

"For and in consideration of the sum of six hundred and 00/100 dollars ($600.) to me in hand paid by the Bailey Company, receipt of which is hereby acknowledged, I, Frank Semeraro, on behalf of myself, my heirs, administrators, executors and assigns hereby consent to the dismissal of an action now pending in the court of common pleas, Cuyahoga county, Ohio, of which I am the plaintiff and of which the Bailey Company is the defendant and which case bears No. 152467. I further covenant and agree with the said the Bailey Company to abstain from prosecuting any action against the said the Bailey Company in any of the courts of the state of Ohio or the United States or elsewhere, for the purpose of recovering damages for any injuries or injurious results direct or indirect which may have been or may hereafter be sustained by me resulting from, or in any manner growing out of an accident which occurred on

or about the 6th day of March, 1916, in front of 1015 Ivanhoe road, Cleveland, Ohio, in which accident I fell on the sidewalk and broke my right leg.''

This case was submitted to a jury on the above mentioned pleadings and the evidence, resulting in a verdict for the plaintiff, and now, on the motion for a new trial filed by the city, the only material question raised is the proper construction to be given said contract with the Bailey Company, which the court instructed the jury was no bar to plaintiff's action against the city.

There is no question that the release of one joint tort feasor is a release of all, and satisfaction as to one operates as satisfaction as against the others, even though the contrary be expressly stipulated. This was so held in the case of *Ellis* v. *Bitzer,* 2 Ohio, 89, and has been the law of Ohio ever since. Indeed, this case is the leading case on the subject in the United States.

The extent to which this doctrine is carried in Ohio is shown by the case of *Klages* v. *Kronenbitter,* 25 C.C.(N.S.), 191, where an answer set up a covenant not to sue a third person similar to the covenant in this case, and also alleged that the sum paid by the third person ''was a full, complete and adequate compensation for all injuries received by said plaintiff as he well knew at the time he received the same.'' A demurrer to this answer was overruled, rightly, as the court of appeals held, because having received from one ''the full amount of his injuries,'' he could not recover against others who were alleged to have contributed to his injuries.

While similar allegations are made in the amended answer in this case—that the $600 received from the Bailey Company was in full settlement for plaintiff's injuries—that fact was put in issue by the reply, no evidence was introduced to substantiate it, and the jury has found with the plaintiff, and the evidence warrants its finding, that $600 was not full compensation for the plaintiff's injuries and was not intended as such, either by the plaintiff or the Bailey Company.

It is stated in 34 Cyc., 1090, that a covenant not to sue— which is what we have here—never operates as a release, but

whatever consideration is received for the agreement must be applied to the payment *pro tanto* of the recovery, and that even the covenantee can not plead it as defense but must seek his remedy in an action on the covenant.

The cases cited fully sustain the text, and the Ohio cases are not at variance with the rules thus stated.

The case of *Ellis* v. *Bitzer, supra,* is in full accord with the above principles. In that case one of the questions was: "Was the note mentioned in the plea executed and received *in satisfaction* of the trespass complained of in the declaration?"

As to this question the court says that it is "purely a question of fact and depends upon the testimony" (p. 91). Then examining the facts, the court finds that the note in question was received in satisfaction of the trespass complained of and the makers of the note discharged "from *all further* liability on account of their being jointly concerned with the defendants in the trespass."

So here, the question of *satisfaction* was properly submitted to the jury. Had it found that $600 was the full measure of plaintiff's injuries, then, having received that amount from the Bailey Company, he would not receive more from the city. Having, however, found, as the evidence warranted, that Frank Semeraro would be very inadequately compensated for his broken leg permanently shortened, by the pittance of $600, it brought in a verdict in the sum of $1,900 against the city, and the court can not say that $2,500 is excessive compensation for the plaintiff's injuries.

There is another proposition in this case which militates against the city's right to maintain its second defense, and that is that the city and the Bailey Company were not *joint* tort feasors. The Bailey Company, if negligent at all, was guilty of commission, with respect to the sidewalk in front of its premises on Ivanhoe road; it did something negligently which caused an obstruction in the sidewalk upon which Semeraro tripped— at least, from such an act alone could its liability to plaintiff arise.

On the other hand, the liability of the city arises from an act of omission—it failed in its duty to keep the sidewalk in repair

and free from nuisance. These would be at best only concurrent acts and not joint torts, and the city and the abutter could not be joined and sued in an action as joint tort feasors. *Morris* v. *Woodburn*, 57 O. S., 330; *Village of Girard* v. *Gilbow*, 81 O. S., 263. Hence a release of one would not release the other, and I so hold.

- The motion for a new trial is overruled.